The Honorable M. Douglas Harpool Representative, District 134 P.O. Box 10306 G.S. Springfield, Missouri 65808
Dear Representative Harpool:
This opinion is in response to your questions asking:
 If appropriately qualified, may a citizen seek election as a member of the Board of Trustees of the Village of Battlefield while a member of the Board of Directors of the Battlefield Fire Protection District?
 If elected, may a citizen simultaneously serve as both a Trustee of the Village and Director of the Battlefield Fire Protection District?
We note that the Village of Battlefield is located within the boundaries of the Battlefield Fire Protection District, and that both are located in Greene County.
There is no statutory or constitutional provision prohibiting a person from holding both offices.[1] There is, however, a body of common law regarding conflicts of interest in holding public office. The doctrine at common law which prohibits a public official from holding two incompatible offices is based on the following principles:
 At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, — some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him. It was said by Judge Folger (People v. Green, 58 N.Y. 295): "Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that `incompatibility' from which the law declares that the acceptance of the one is the vacation of the other. The force of the word in its application to this matter is that, from the nature and relations to each other of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one towards the incumbent of the other. . . .
State ex rel. Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 639
(1896).
Applying these principles, this office has previously opined that a person may not simultaneously hold both the office of presiding commissioner of a third class county and the office of alderman of a fourth class city within that county. See
Opinion No. 121-88, a copy of which is enclosed. In that opinion, it was observed that statutes might bring the two offices into conflicts of authority.
Section 80.090, RSMo 1986, sets forth powers given to the board of trustees of a village. These include power:
 (11) To organize and maintain fire companies;
(12) To prevent and extinguish fires;
 (13) To establish fire limits and to define the limits within which wooden buildings, stables, manufactories and other structures which may increase the danger of calamities from fires shall not be erected;
Section 321.220, RSMo, sets forth powers of the board of directors of a fire protection district. These include power:
 (12) To adopt and amend bylaws, fire protection and fire prevention ordinances, and any other rules and regulations not in conflict with the constitution and laws of this state, necessary for the carrying on of the business, objects and affairs of the board and of the district. . . .
It is possible that conflict would arise in carrying out the responsibilities of both offices. In light of these areas of potential conflict between the offices, we conclude that there is an incompatibility between the office of trustee of a village and director of a fire protection district in which such village is located. As a result of such incompatibility and conflict, the same person may not hold these offices simultaneously. There is no authority that holds an election creates an exception to the doctrine of incompatibility.
Having concluded a person may not hold both offices simultaneously, we turn to your remaining question asking whether a person may be a candidate for the office of trustee of a village while a member of the board of directors of a fire protection district which includes the village. There are no constitutional or statutory provisions prohibiting a member of the board of directors of a fire protection district from being a candidate for the office of trustee of a village located within the district. However, should he be successful in his candidacy, the general rule is that "[t]he acceptance of an incompatible office by the incumbent of another office is generally regarded as a resignation or vacation of the first office. . . ." 67 C.J.S. Officers, § 32a.
CONCLUSION
It is the opinion of this office that the same person may not simultaneously serve as a director of a fire protection district and as trustee of a village located within that fire protection district; however, an incumbent director of a fire protection district can be a candidate for the office of trustee of a village located within that fire protection district.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 121-88
[1] Section 321.015, RSMo 1986 was amended in 1990 by House Bill No. 1149, 85th General Assembly, Second Regular Session (1990) to provide that such section "shall not apply . . . to fire protection districts . . . located within first class counties without a charter form of government having a population of more than one hundred ninety-eight thousand and not adjoining any other first class county." Because of this 1990 amendment to Section 321.015 eliminating Greene County from its provisions, we need not consider this statutory section.